**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS**

| | |
|---|---|
| TERRY W. HACKER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. |
| ) | |
| EMC PROPERTY AND CASUALTY COMPANY ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT

COMES NOW the plaintiff, by and through counsel, Bradley A. Pistotnik and Jay Sizemore, of Brad Pistotnik Law, P.A. and for his claims against the defendant, alleges and states:

1. The plaintiff is a citizen of the State of Kansas.

2. This Court has proper venue and jurisdiction over the persons and subject matter.

3. Defendant, EMC Property and Casualty Company (EMC) transacts business in Kansas, and is a foreign corporation incorporated under the laws of the state of Iowa, and having a principal place of business in the state of Iowa at 717 Mulberry St., Des Moines, Iowa 50309, a State other than Kansas where the Plaintiff is a citizen. EMC may be served with process through the office of the Kansas Insurance Commissioner at 1300 S.W. Arrowhead Road, Topeka, Kansas 66604.

4. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00) exclusive of interest and costs.

5. On or about the 18th day of July 2019, the plaintiff was operating a motor vehicle heading

westbound on Kellogg Drive at or near the intersection of Edwards street, in Wichita, Sedgwick County, Kansas when the underinsured motorist, Jess Mans (underinsured motorist) negligently and careless ran a red traffic light, while headed southbound on Edwards resulting in a collision between Plaintiff and the underinsured motorist and proximately causing a T-bone collision and injuries and damages to the plaintiff.

6. The underinsured motorist told the investigating officer that was not paying attention and was looking down at his GPS when he ran a red light.

7. Independent witness, Kyle Herman confirmed to the police that Plaintiff had a green light, and the underinsured motorist had a red light.

8. The investigating offer ticketed the underinsured motorist for inattentive driving in violation of Wichita Municipal Ordinance 11.38.175. Upon information and belief, the underinsured motorist entered a guilty plea to this offense making an admission against interest.

9. Plaintiff's 2018 Ford Raptor pick up was totaled in the motor vehicle collision.

10. The actions and omissions of the underinsured motorist are negligent, wanton and careless for the following reasons:

    A) Failing to stop and yield the right-of-way at a red light;

    B) Operation of a motor vehicle at a speed too fast for the then existing traffic conditions of moving traffic and a stop sign;

    C) Failure to keep a proper lookout;

    D) Inattentive operation of a motor vehicle;

    E) Failure to warn;

    F) Failure to take evasive action;

    G) Careless driving;

    H) Operation of a motor vehicle while distracted and texting, dialing, or looking at a map location on GPS contrary to the instructions in the Kansas Driving Handbook that warns drivers to not use and or be distracted cellular phones and other devices while operating their motor vehicle;

    I) Upon information and belief, violation of K.S.A. 8-15,111 which places a duty upon drivers not to use cellular devices while operating a motor vehicle and which requires that no person shall operate a vehicle while using a wireless communication device to write, send or read a written communication by typing, sending or reading a written communication, including, but not limited to a text message, instant message or electronic mail.

    J) Violation of Kansas State Statutes and the City of Wichita ordinances, and other statutes, laws and ordinances that relate to the operation of motor vehicles including inattentive driving in violation of Wichita Municipal Ordinance 11.38.17, and failing to stop at a red traffic control device in violation of KSA 8-1508;

    K) Other negligent actions and omissions, which will be supplemented after discovery.

11. As a further direct and proximate result of the negligence, wantonness and carelessness of the underinsured motorist, plaintiff has received injuries to his body including but not limited to his neck, back, spine, right shoulder, left ankle, knee and chest. Plaintiff suffered from headaches, difficulty sleeping, weakness in his right arm, chest and back pain, broken ribs, tears in his knee, injuries to his right shoulder, injuries to his spine at C3-C6, and disc bulging at L2-L5. As a result of injuries suffered in the collision Plaintiff underwent trigger and epidural injections to

3

his neck and back, injections in his right shoulder and then a shoulder surgery. In the future Plaintiff will need cortisone injections; physical therapy; epidural injections in the spine; radiofrequency ablations; pain management treatment and spine surgery. Plaintiff may have had aggravation to a pre-existing condition, and was otherwise injured. The plaintiff has been damaged with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. In the future the plaintiff will suffer with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. For the aforementioned damages, the Plaintiff has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

12. The plaintiff is an insured and is entitled to benefits from the underinsured motorist coverage under a policy with EMC that provides at least one million dollars $1,000,000.00 of underinsured motorist coverage plus other benefits under policy number 4E3-16-01-20

13. The plaintiff has settled the claim against the underinsured motorist for the amount of $100,000.00 through the policy that the underinsured motorist had with Allstate.

14. The plaintiff made a demand on EMC pursuant to K.S.A. 40-284(f) asking for permission to settle and for permission to release the underinsured motorist carrier and their carrier which was mailed on September 29, 2020.

15. EMC as an underinsured motorist carrier provided permission to settle with the underinsured motorist and his insurance carrier Allstate and to accept the limits of insurance on October 29th 2020. EMC's October 29th 2020 letter, explaining that EMC will not substitute and that EMC gives Plaintiff permission to settle with Allstate, is attached as **Exhibit A**.

16. More than sixty days have expired since EMC received the demand by plaintiff.

17. Plaintiff has complied completely with all requirements of K.S.A. 40-284(f).

18. To date EMC has only offered $5,000.00 to settle the claim. This offer was made by EMC on or about December 1, 2020.

19. The plaintiff's damages are not duplicative of any Personal Injury Protection benefits that have been or may be paid.

20. The policies purchased by plaintiff were a full coverage policy.

21. The plaintiff has made a demand on defendant to pay the insurance benefits and the defendant has without just cause or excuse refused to offer more than $5,000.00 on the underinsured motorist coverage (UIM). Pursuant to K.S.A. 40-256, the plaintiff is entitled to attorney fees.

22. The policies of insurance available to plaintiff and this motor vehicle are policies given to insure property in this state against loss by fire, tornado, lighting or hail, and as such, the plaintiffs are allowed mandatory attorney fees pursuant to K.S.A. 40-908.

WHEREFORE, the Plaintiff prays for judgment against defendant, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for costs herein, for attorney fees pursuant to K.S.A. 40-256, for attorney fees pursuant to K.S.A. 40-908, and for such other and further relief as the Court deems just and equitable.

**BRAD PISTOTNIK LAW, P.A.**

*/s/ Bradley A. Pistotnik*
Bradley A. Pistotnik #10626
Jay Sizemore, ##20395
10111 E. 21st Street North, Suite 204
Wichita, KS 67206
316-684-4400, Fax: 316-684-4405
Brad@BradPistotnikLaw.com
Jay@BradPistotnikLaw.com

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

COMES NOW the plaintiff and demands a pretrial conference and a trial by jury in this matter.

## DESIGNATION FOR PLACE OF TRIAL

COMES NOW the plaintiff and designates Kansas City, Kansas as the place for trial in this matter.

**BRAD PISTOTNIK LAW, P.A.**

*/s/ Bradley A. Pistotnik*
Bradley A. Pistotnik, #10626
Jay Sizemore, #20395
10111 E. 21st Street North, Suite 204
Wichita, KS 67206
316-684-4400 ; Fax: 316-684-4405
Brad@BradPistotnikLaw.com
Jay@BradPistotnikLaw.com